HLD-060 (December 2010)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2883
_____

CLIFFORD FAKE,
                                                            Appellant
v.

JOHN YOST, WARDEN, F.C.I. Loretto
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-00096)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 29, 2010
Before: MCKEE, Chief Judges, ALDISERT and WEIS, Circuit Judges

(Opinion filed January 27, 2011)
_____

OPINION
_____

PER CURIAM.

        Clifford Fake appeals pro se from an order dismissing his petition filed

under 28 U.S.C. § 2241.  Because no substantial question is presented by this appeal, we

will summarily affirm the order of the District Court.

As the parties are familiar with the background of this case, we will only summarize those facts relevant to the disposition of this appeal. On April 20, 2006, in the Middle District of Pennsylvania, Clifford Fake pleaded guilty to health care fraud resulting in serious bodily injury, pursuant to 18 U.S.C. § 1347, and criminal forfeiture, pursuant to 18 U.S.C. § 982(a)(7) and 28 U.S.C. § 246(c); he was sentenced to 218 months of imprisonment. Fake appealed his sentence, which was affirmed by this Court.

In November 2008, Fake filed a motion to vacate his sentence under 28 U.S.C. § 2555, alleging lack of evidence to convict and ineffectiveness of counsel. Fake also claimed that the Government withheld information regarding victims in violation of Brady v. Maryland, 373 U.S. 83 (1963). The District Court denied his motion, finding his claims procedurally defaulted or meritless. Fake appealed, and we denied his request for a certificate of appealability.

On April 9, 2010, Fake filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Western District of Pennsylvania, his district of confinement, alleging lack of evidence to convict and ineffectiveness of counsel. The District Court denied the petition, having concluded that the petition attacked the sentence imposed by the Middle District of Pennsylvania and that § 2255 was not an "inadequate or ineffective" means to challenge that sentence. Fake appealed.

We have jurisdiction under 28 U.S.C. §1291. We exercise plenary review over the District Court's legal conclusions, and we apply a clearly erroneous standard to

any factual findings. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner, however, may challenge a conviction pursuant to § 2241 where a § 2255 motion would be inadequate or ineffective. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A motion under § 2255 is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538.

Fake has not made such a showing. He simply states that the United States District Court for the Middle District of Pennsylvania improperly dismissed his § 2255 motion. A § 2255 motion is "not inadequate or ineffective merely because the sentencing court does not grant relief." Id. at 539. Therefore, the District Court properly denied Fake's § 2241 petition.

Accordingly, we will affirm the District Court's judgment.